# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ROBERT D. SCALF, | ) |
|     *Plaintiff*, | ) Case No. 3:18-cv-333 |
| v. | ) Judge Travis R. McDonough |
| CLAIBORNE COUNTY, | ) Magistrate Judge H. Bruce Guyton |
|     *Defendant*. | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's complaint filed under 42 U.S.C. § 1983. On August 24, 2018, the Court entered an order screening Plaintiff's complaint, directing the Clerk to send Plaintiff a service packet for Defendant Claiborne County, and providing that Plaintiff would have thirty days from the date of entry of the order to complete the service packet and return it to the Clerk's office. (Doc. 4, at 5.) The Court also warned Plaintiff that if he failed to timely comply with that order, the Court might dismiss the case for want of prosecution and/or failure to comply with Court orders. (*Id.*) More than two months have passed, and Plaintiff has not complied with the Court's August 24, 2018 order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for want of prosecution and/or failure to comply with Court orders.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's previous order but chose not to comply therewith. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendant has not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, Plaintiff was warned that the Court may dismiss this case if he failed timely comply with the Court's order. (*Id.*)

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was granted leave to proceed *in forma pauperis* in this action. (*Id.* at 1.) Plaintiff has not pursued this action since filing his complaint and motion for leave to proceed *in forma pauperis*, and Plaintiff is not complying with the Court's orders or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding

that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *see also Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. Rule 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                            */s/ Travis R. McDonough*
                                                            **TRAVIS R. MCDONOUGH**
                                                            **UNITED STATES DISTRICT JUDGE**